IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-591-FL

| | | |
|---|---|---|
| BOYKIN ANCHOR COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| AT&T CORPORATION; LARRY | ) | |
| WONG; AT&T SERVICES, INC.; AT&T | ) | |
| TELEHOLDINGS, INC.; AMERITECH | ) | |
| SERVICES, INC.; and AT&T, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motions to dismiss filed by defendant AT&T

Corporation ("AT&T Corp.") (DE # 19) and defendants AT&T Teleholdings, Inc. ("AT&T

Teleholdings"), AT&T, Inc. ("AT&T Inc."), and Ameritech Services, Inc. ("Ameritech") (DE # 27).

By oral order pronounced this day during telephonic conference with the parties, these motions were

granted.[1] The court hereby memorializes in writing the reasons for that determination.

## BACKGROUND

This action was filed in Wake County Superior Court on November 19, 2010, and removed

to this court on December 29, 2010. Following removal, plaintiff filed an amended complaint

asserting additional causes of action against a number of new defendants. Specifically, the amended

complaint includes claims for relief pursuant to North Carolina's Unfair and Deceptive Trade

---

[1] The court has not yet ruled upon the motion to dismiss filed jointly by defendants AT&T Services, Inc. and
Larry Wong (DE # 22), which raises substantive issues of law beyond the scope of the motions to dismiss filed by the
other defendants.

Practices Act, N.C. Gen. Stat. § 75-1.1, the federal Lanham Act, 15 U.S.C. § 1125(a), and North Carolina common law. These claims stem from allegedly false or deceptive statements made by defendant Larry Wong ("Wong"), an employee of defendant AT&T Services, Inc. ("AT&T Services"), regarding a product manufactured by plaintiff.

AT&T Corp. moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on February 15, 2011. AT&T Teleholdings, AT&T Inc., and Ameritech moved to dismiss the complaint pursuant to Rule 12(b)(2) and Rule 12(b)(6) on February 18, 2011. Plaintiff timely filed a unified response in opposition. The court granted the motions during telephonic conference with the parties.

## DISCUSSION

A.   Motion to Dismiss for Lack of Personal Jurisdiction

"[T]he dismissal of a case on an issue relating to the merits of the dispute, such as failure to state a claim, is improper without resolving threshold issues of jurisdiction, including personal jurisdiction." Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548 (4th Cir. 2006). Accordingly, the court first turns to the Rule 12(b)(2) motion filed by AT&T Teleholdings, AT&T Inc., and Ameritech.

1.   Standard of Review

When challenged by a motion pursuant to Rule 12(b)(2), the plaintiff must prove the existence of personal jurisdiction by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). However, where the court does not conduct an evidentiary hearing and relies instead on the pleadings and affidavits alone, plaintiff need only make a *prima facie* showing of jurisdiction. In re Celotex Corp., 124 F.3d 619, 628 (4th

2

Cir. 1997). In adjudicating the motion, the court construes all disputed facts and draws all reasonable inferences from the proof in favor of jurisdiction. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003).

2.     Analysis

This court may exercise personal jurisdiction over a non-resident defendant only in the manner provided for by North Carolina law and only to the extent personal jurisdiction is consistent with constitutional due process.[2] See Young v. New Haven Advocate, 315 F.3d 256, 261 (4th Cir. 2002); Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993). Because North Carolina's long-arm statute is construed to extend jurisdiction to the full extent permitted by the Due Process Clause, the court here need only inquire into whether "defendant[s] ha[ve] such minimal contacts with the forum state [of North Carolina] that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Christian Science Bd. of Directors v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001) (internal quotation marks omitted).

Two different types of personal jurisdiction have been recognized by the courts: general jurisdiction and specific jurisdiction. See CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n.15 (4th Cir. 2009); ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002). The former "requires 'continuous and systematic' contacts with the forum state, such that a defendant may be sued in that state for any reason, regardless of where the relevant

---

[2] As alleged in the complaint, AT&T Inc. and AT&T Teleholdings are Delaware corporations with their principal place of business in New Jersey, and Ameritech is a Delaware corporation whose principal place of business is Illinois. Steven Threlkeld, in a declaration submitted in support of the motion to dismiss, states that AT&T Inc. is a Delaware holding company headquartered in Texas, and that AT&T Teleholdings is a Delaware holding company headquartered in Illinois. Regardless of whether the allegations in the complaint are correct or whether the information contained in the declaration is, it is not disputed that AT&T Inc., AT&T Teleholdings, and Ameritech are not incorporated or headquartered in North Carolina, and are non-residents for purposes of the court's personal jurisdiction analysis.

3

conduct occurred." CFA Inst., 551 F.3d at 292 n.15. The latter "requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." Id. Neither type of jurisdiction has been established over AT&T Inc., AT&T Teleholdings, or Ameritech.

The complaint alleges that these three defendants are subject to general jurisdiction because they jointly own AT&T Services. (Compl. ¶ 10 ("Since [AT&T Inc., AT&T Teleholdings, and Ameritech] are the parent corporations of [AT&T Services], they are doing business in Wake County, North Carolina.").) However, it is well-settled that "jurisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984). "Each defendant's contacts with the forum state must be assessed individually." Id.; see also Saudi v. Northrop Grumman Corp., 427 F.3d 271, 276 (4th Cir. 2005) ("[I]t is generally the case that the contacts of a corporate subsidiary cannot impute jurisdiction to its parent entity."). Accordingly, contrary to plaintiff's assertion in the complaint, "the mere presence of a subsidiary in North Carolina, standing alone, is not enough to impute personal jurisdiction over the parent corporation[s]." Setra of N. Am., Inc. v. Motorcoach Fin., Inc., 367 F. Supp. 2d 853, 859 (M.D.N.C. 2005).[3]

Specific personal jurisdiction is premised, the court assumes, on the allegedly tortious activity that forms the subject of this complaint. See Carefirst of Md., 334 F.3d at 397 ("Even a single

---

[3] The declarations of Steven Threlkeld and Catherine Groves confirm what is clear from the complaint: that AT&T Inc., AT&T Teleholdings, and Ameritech have no contacts with the state of North Carolina beyond each owning a portion of defendant AT&T Services. Plaintiff's request to be allowed to conduct discovery to challenge these assertions does not find favor with the court. "[T]he decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court." Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory, 283 F.3d 208, 216 n.3 (4th Cir. 2002). "[W]here, as here, . . . plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction," the court properly exercises its discretion to deny the request for discovery. Id.

4

contact may be sufficient to create jurisdiction when the cause of action arises out of that . . . contact, provided that the principle of 'fair play and substantial justice' is not thereby offended."). However, the complaint's conclusory allegations of "activity" undertaken by these defendants is not sufficient for plaintiff to meet its burden. As the court discusses in greater detail with respect to AT&T Corp.'s Rule 12(b)(6) motion, plaintiff has offered no more than bare allegations that the defendants acted "in concert," which is insufficient to establish specific jurisdiction here. Cf. Lolavar v. Santibanes, 430 F.3d 221, 229 (4th Cir. 2005) ("[A] plaintiff [seeking to impute the contacts of co-conspirators to an out-of-state defendant] is required to make a threshold showing that a conspiracy existed and that the defendants participated therein.").[4]

Plaintiff has failed to make a *prima facie* showing of personal jurisdiction over defendants AT&T Inc., AT&T Teleholdings, or Ameritech. Accordingly, these defendants' motion to dismiss pursuant to Rule 12(b)(2) is GRANTED, and they are dismissed from this action.

B.      Motion to Dismiss for Failure to State a Claim

Having determined that personal jurisdiction is not proper over defendants AT&T Inc., AT&T Teleholdings, or Ameritech, the court addresses only defendant AT&T Corp.'s failure to state a claim argument under Rule 12(b)(6). See, e.g., Combs v. Bakker, 886 F.2d 673, 675 (4th Cir. 1989) (noting that if a court concludes it does not have personal jurisdiction over a defendant, it is precluded from reaching a Rule 12(b)(6) challenge). Nevertheless, the court notes that its analysis below would apply with equal force to AT&T Inc., AT&T Teleholdings, and Ameritech.

---

[4] Again, the court notes that any request for discovery into the actions of AT&T Inc., AT&T Teleholdings, and Ameritech for establishing specific personal jurisdiction is without merit. "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition." Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988); see also Base Metal Trading, Ltd., 283 F.3d at 216 n.3.

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor will the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

2.  Analysis

AT&T Corp. argues that the amended complaint contains only generalized and conclusory allegations against "all defendants." It notes that the only specific acts or omissions alleged in the complaint are those of Wong, an employee of AT&T Services. There are no particularized allegations against any of the other defendants, including AT&T Corp., who are simply referred to collectively throughout the complaint as "AT&T." Beyond cryptically asserting that the defendants were "acting in concert," the complaint in no way touches on the conduct of AT&T Corp., AT&T Inc., AT&T Teleholdings, or Ameritech.

Plaintiff asks the court to deny the motion because "AT&T has a complex structure, which is impossible to penetrate without some sort of legal process, such as discovery." (Pl.'s Resp. Opp.

6

12.) According to plaintiff, AT&T Corp.'s motion is premised on factual allegations regarding the corporate structure of AT&T which cannot be resolved short of discovery or cross-examination. Plaintiff also points to the Supreme Court's decision in Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 129 S.Ct. 1109 (2009), and the Fourth Circuit's decision in A.T. Massey Coal Co., Inc. v. Massanari, 305 F.3d 226 (4th Cir. 2002), as cases in which complex business organizations such as AT&T were treated as single entities for purposes of a lawsuit.

Plaintiff's attempts to treat all defendants as one "corporate family" for purposes of this lawsuit is unfounded. Defendants, including AT&T Corp., maintain separate corporate identities, and are not liable for the torts of one another. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." United States v. Bestfoods, 524 U.S. 51, 61 (1998) (internal quotation marks omitted). Indeed, under North Carolina law, "[a] corporate parent cannot be held liable for the acts of its subsidiary unless the corporate structure is a sham and the subsidiary is nothing but a 'mere instrumentality' of the parent." Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 349 (4th Cir. 1998).[5]

The cases cited by plaintiff to the contrary are readily distinguishable. A.T. Massey Coal Co. was premised on specific statutory language in the Coal Act that directed the court to "treat[] the

---

[5] Contrary to plaintiff's assertion in its response opposing the motions to dismiss, AT&T Corp.'s argument that it is a separate entity which is not liable for the conduct of AT&T Services is not based on factual assertions requiring limited discovery. The complaint does not allege that AT&T Corp. has any ownership stake in AT&T Services, Inc., but it does allege that they are separate corporate entities, and the same principles cited in Bestfoods and Broussard apply to sister subsidiaries. See, e.g., Nixon v. Alan Vester Auto Group, Inc., No. 1:07cv839, 2009 WL 382743, at *3 (M.D.N.C. Feb. 12, 2009). The court need not (and does not) rely on any materials outside the four corners of the complaint to reach the merits of this Rule 12(b)(6) motion. See Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004); Harrison v. U.S. Postal Serv., 840 F.2d 1149, 1152 n.7 (4th Cir. 1988). Plaintiff cannot be permitted to simply name every AT&T entity it can think of and then use discovery to "penetrate" the corporate structure and winnow the field. See Iqbal, 129 S. Ct. at 1950 (holding that notice pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

7

corporate family as a single employer for the purpose of assigning liability." 305 F.3d at 233. Nor does Pacific Bell state that the court may ignore separate corporate identities of defendants. In that case, the Supreme Court merely noted in a footnote that the "[p]etitioners consist[ed] of several corporate entities and subsidiaries, [whose] names and corporate structures ha[d] changed frequently over the course of th[e] litigation" as a justification for simply referring to those petitioners as "AT&T." 129 S. Ct. at 1115 n.1. That footnote hardly stands for the principle that each member of a corporate family may be liable for the acts of a single employee of a single subsidiary, without particularized allegations against each such corporate member.

Because the individual corporate defendants cannot be liable for one another's tortious conduct, plaintiff cannot rely on bare allegations relating to the conduct of "all defendants" to hold AT&T Corp. liable, but must identify specific acts or conduct taken by each defendant to state a claim. See, e.g., Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants. Given the complaint's use of . . . the collective term "Defendants" . . . with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). Plaintiff has not done so, beyond perhaps asserting that defendants were acting "in concert" with one another. This allegation is insufficient, as it is no different from the generalized conspiracy allegations that the Supreme Court rejected in both Twombly, 550 U.S. at 564 (concluding that conspiracy allegation was impermissibly premised on "mere[] legal conclusions"), and Iqbal, 129 S. Ct. at 1952 (noting that although plaintiff had alleged that "various other defendants" acted impermissibly, "his only factual allegations against [the moving defendant]" were insufficient to state a claim).

8

In short, plaintiff has failed to provide individualized allegations that would raise a plausible claim for relief against AT&T Corp. The collective use of the phrase "all defendants" is insufficient to give notice of a particular claim for relief against AT&T Corp., as required by Rule 8. Accordingly, defendant AT&T Corp.'s motion to dismiss for lack of failure to state a claim is GRANTED, and it is dismissed from this action.

## CONCLUSION

As ordered at telephonic conference, and for the reasons set forth more particularly above, the Rule 12(b)(6) motion to dismiss filed by defendant AT&T Corporation (DE # 19) and the Rule 12(b)(2) motion to dismiss filed by defendants AT&T Teleholdings, Inc., AT&T, Inc., and Ameritech Services, Inc. (DE # 27) are GRANTED. The court does not reach the merits of the Rule 12(b)(6) motion filed by the latter group of defendants.

This action remains pending in its entirety against defendants Larry Wong and AT&T Services, Inc., pending resolution of those defendants' motion to dismiss.

This the 14ᵗʰ day of April, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

9