IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| BOYKIN ANCHOR COMPANY, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>LARRY WONG and AT&T SERVICES. INC.,<br><br>       Defendants. | Civil Action No. 5:10-CV-00591-FL |

## PROTECTIVE ORDER

WHEREAS, the parties have jointly requested and consent to entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to protect commercially sensitive information during discovery and trial. Boykin Anchor manufactures seismic anchors used in the telecommunications industry to hold down digital switching cabinets that are mounted on concrete floors. This case arises from the claims of Boykin Anchor Company, Inc. ("Boykin Anchor"), that the Defendants, AT&T Services, Inc. ("AT&T Services") and its former employee Larry Wong, published certain allegedly defamatory and deceptive statements regarding Boykin Anchor's seismic anchors. AT&T Services contracts with Boykin Anchor's competitor, Hilti, Inc., for the purchase of seismic anchors. It is likely that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information will be disclosed or produced during the course of discovery in this litigation, including competitive business materials, future business projections, confidential and proprietary contracts, and other sensitive business documents with future

applicability. Therefore, it appearing to the Court there is good cause to enter an order to protect confidential information during discovery and trial:

IT IS HEREBY ORDERED that Boykin Anchor, AT&T Services, Larry Wong, and any non-party, that, by itself or through its counsel, agrees to the terms of this Protective Order as provided herein, shall be governed by the following terms and conditions in connection with the production of Designated Material (as defined herein) in this action.

### A. Scope of Protective Order

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern all Discovery Material, or portion thereof, or any Discovery Material produced or provided, formally or informally, by any Party or non-party to the litigation, to any other Party. The Discovery Material protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for the production of documents, deposition testimony, transcripts and videotapes, deposition exhibits, pleadings, affidavits, briefs, motions, and any other writings or things produced, given or filed in this action. This Protective Order shall also apply to any copies, excerpts, abstracts, charts, analyses, summaries, descriptions, notes, or other forms of recorded information containing, reflecting, or disclosing any such Designated Material. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, applicable case law, or any deadlines specifically set by this Court.

2. This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity.

2

**B. Definitions**

3. "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

4. "Discovery Material": all information and documents and things, regardless of medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, discovery responses, pleadings, exhibits, or tangible things), produced, served or otherwise provided, whether formally or informally, in this action by the Parties or by non-parties.

5. "Designated Material": Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

6. "Designating Party": a Party or non-party that designates Discovery Material that it produces, serves, or otherwise provides in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7. "Producing Party": a Party or non-party that produces Discovery Material in this action.

8. "Receiving Party": a Party that receives Discovery Material from a Producing Party.

9. "Counsel of Record": (i) counsel who appear on the pleadings as counsel for a Party, (ii) partners, associates and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand

reporters, and (iii) independent attorneys contracted to assist Counsel of Record in connection with this action.

10. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party, and their employees and subcontractors.

11. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; document coding; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and members of mock juries and focus groups retained by such a consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

C. **Access To and Use of Designated Material**

12. **Basic Principles.** Designated Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, or any business or competitive purpose or function. Designated Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Protective Order.

13. **Secure Storage.** Designated Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under the Protective Order.

4

14. **Legal Advice Based on Designated Material.** Nothing in this Protective Order shall be construed to prevent Counsel of Record from advising their clients with respect to this litigation based in whole or in part upon Designated Materials, provided Counsel of Record does not disclose the Designated Material itself except as provided in this Protective Order or by prior written agreement with opposing counsel.

15. **Limitations.** Nothing in this Protective Order shall restrict in any way a Designating Party's use or disclosure of its own Designated Material. Such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it.

D. **Procedure for Designating Discovery Materials.**

16. The designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" for purposes of this Protective Order shall be made in the following manner by the party or non-party seeking protection, and shall further be consistent with any applicable Local Rule of the United States District Court for the Eastern District of North Carolina, Western Division:

(a) In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to any material containing any confidential information at the time such materials are produced, or as soon thereafter as the Party or non-party seeking protection becomes aware of the confidential nature of the information disclosed and sought to be protected hereunder.

17. In the case of depositions: (1) by a statement on the record, by counsel, during such deposition that the entire transcript or a portion thereof shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" hereunder; or (ii) by written notice of such designation to counsel for all other parties and the court reporter within ten (10) calendar days following the receipt of the transcript of the deposition. During a deposition, the deponent, the deponent's counsel, or any other counsel of record present at the deposition may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the Party or non-party that testimony about to be given is deemed to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." The designating party shall have the right to exclude any person not entitled under this Protective Order to receive the information. The parties shall treat as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" all depositions not previously designated hereunder as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" until the expiration of ten (10) calendar days after the receipt by counsel of the transcript of the deposition. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

18. In the case of hearing testimony or argument, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Designated Material, counsel may designate on the record prior to such disclosure that the information should be deemed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Whenever information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" is to be discussed in a hearing or other

6

proceeding, the Designating Party shall have the right to exclude any person not entitled under this Protective Order to receive the Confidential Information.

### E. Discovery Material Designated as "Confidential."

19. A Producing Party may designate Discovery Material as "CONFIDENTIAL" that the Producing Party reasonably and in good faith believes contains or reflects confidential, proprietary, and/or commercially sensitive information.

20. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Discovery Material designated as "CONFIDENTIAL," may be disclosed only to the following:

(a) Counsel of Record;

(b) In-house lawyers who are advising a Party regarding this action, including paralegals and staff, to whom disclosure is reasonably necessary for this litigation;

(c) Employees of a Party whom the Party in good faith believes need to have access to such information for the prosecution or defense of this matter, and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A;

(d) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A;

(e) the Court, jury, and Court personnel;

(f) any designated mediator who is assigned to hear this matter, and his or her staff;

(g) court reporters and videographers retained to record testimony in this action; and

(h) Professional Vendors to which disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A.

### F. Discovery Material Designated as "Highly Confidential – Attorneys' Eyes Only."

21. A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" that the Producing Party reasonably and in good faith believes contains or reflects information that satisfies the criteria for designating such information as "CONFIDENTIAL" pursuant to Section E above, and reflects: (1) extremely confidential business information, marketing plans, strategies, or methods, including business planning or financial documents having current or future applicability; or (2) sensitive non-public information that: (i) as of the date of production, has been subject to strict internal controls limiting dissemination within the designating party; and (ii) if disclosed to persons other than those who are permitted access pursuant to this Protective Order, would likely cause economic harm or significant competitive disadvantage to the Producing Party. By way of example, and not limitation, "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information includes: (a) material that the Producing Party believes reasonably and in good faith contains any trade secret or other confidential research, as well as (b) development, technical, business or financial information that has not been made public and has current or future applicability—such as business plans or strategies; costs or pricing information; sales and revenue information; contemplated, actual, or prospective business dealings with third-parties; and development strategy.

22. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Discovery Material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material may be disclosed only to the following:

(a) Counsel of Record;

(b) In-house lawyers who are advising a Party regarding this action, including paralegals and staff, to whom disclosure is reasonably necessary for this litigation;

(c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided such Outside Consultant has signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A;

(d) the Court, jury and Court personnel;

(e) any designated mediator who is assigned to hear this matter, and his or her staff;

(f) court reporters and videographers retained to record testimony in this action; and

(g) Professional Vendors to which disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A.

**G.  Agreement to be Bound By Protective Order**

23. Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached as Exhibit A, shall do so prior to the time such Designated Material is disclosed to him or her. Counsel for a party who makes any disclosure of Designated Material shall retain each original executed certificate and,

9

upon written request, shall provide copies to counsel for all other parties at the termination of this action.

### H. Use By Witness Who Received Or Authored.

24. Notwithstanding Sections E and F herein, in preparation for a deposition or trial, or for examination at a deposition or trial, any witness or potential witness may be shown Designated Material that: (a) the witness has authored or (b) the witness has been identified as an addressee or copy recipient prior to and apart from this action.

### I. Challenge To Confidentiality Designation/Protective Order.

25. This Protective Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action without involving the Court unnecessarily in this process. Nothing in this Protective Order, nor the production of any documents or disclosure of any information pursuant to this Protective Order, shall be deemed to have the effect of (a) an admission or waiver, including waiver under the rules of evidence, by any Party or other subscriber to this Protective Order; (b) altering the confidentiality or nonconfidentiality of any such information; or (c) altering any existing obligation of any party or other subscriber, or the absence of such obligation.  Further, nothing herein shall be taken as indicating that any document or information designated as Designated Material is entitled to confidential treatment.  If the Receiving Party desires to disclose Designated Material to a non-qualified person, or if it disagrees with the confidentiality designation by the Designating Party, then the Receiving Party shall so notify counsel for the Designating Party in writing.  Pending resolution of any dispute as to the confidential treatment of Designated Material, such material shall be treated under this Order as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY as designated by the Designating Party.

10

Case 5:10-cv-00591-FL   Document 51   Filed 08/17/11   Page 10 of 17

26. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and in writing must: (1) identify with particularity (i.e., by Bates number, page and line of deposition transcript; or otherwise) the challenged material and/or information; (2) explain the basis for its belief that the confidentiality designation was not proper; and (3) give the Designating Party a minimum of ten (10) business days, but no more than twenty (20) business days, to review the Designated Material and change the designation or explain the basis for the original designation. If the Designating Party does not respond, provide adequate justification or agree to re-designate the material, the objecting party may seek relief from the Court. The original designation shall remain effective until three (3) court days after entry of an order re-designating the materials. Once information is deemed re-designated, substitute copies thereof shall be produced by the original Designating Party bearing the appropriate designation or lack thereof. In addition, this Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

J. **Inadvertent Failure To Designate**

27. An inadvertent failure to designate qualified Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible, a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" with the factual basis for the assertion of such designation(s). Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the Discovery Material is treated in accordance

with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of the Discovery Material bearing the proper confidentiality designation.

### K.  Filing Designated Material

28.  Each time a Party seeks to file under seal Designated Material, said Party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion.  Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

29.  When a party seeks to file Confidential Discovery Information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

### L.  Unauthorized Disclosure Of Designated Material

30.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the

12

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### M. Nonparty Use of this Protective Order

31. A non-party producing Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material or information in the same manner and shall receive the same level of protection under this Protective Order as any Party to this lawsuit.

### N. Duration

32. Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### O. Subpoena of Designated Material in Another Action.

33. If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information which was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by someone other than that Party, the Party shall give written notice within five (5) business days of receipt of such subpoena, demand or legal process, to those who designated the information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and shall object to its production to the extent permitted by law. Should the person seeking access to the information take action against the Party or anyone else covered by this Protective Order to

13

Case 5:10-cv-00591-FL   Document 51   Filed 08/17/11   Page 13 of 17

enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**P.     Miscellaneous**

34.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

35.     This Protective Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Protective Order, when convenience or necessity requires. Nothing in this Protective Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

36.     This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

37.     The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the

conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received Designated Materials shall return such information and all copies thereof to counsel for the producing party, or shall certify destruction thereof. Counsel of Record shall be entitled to retain court papers, deposition and trial transcripts and attorney-work product (including court papers, transcripts, and attorney work product that contain information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") provided that such counsel, and employees of such counsel, shall not disclose any such information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS" EYES ONLY" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to court order or a written agreement with the Producing Party of the information. All Designated Material returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this section.

38. The United States District Court for the Eastern District of North Carolina is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of North Carolina. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

The parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, or an alternative thereto which is satisfactory to all parties,

and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had been entered by the Court.

This the 17th day of August, 2011.

SO ORDERED:

*[signature: Louise W. Flanagan]*

LOUISE W. FLANAGAN

Chief United States District Court Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
## BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matters of *Boykin Anchor Company, Inc. v. Larry Wong & AT&T Services, Inc.*, Case No. 5:10-CV-0591, which case is pending in the United States District Court for the Eastern District of North Carolina, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[printed name]

_____
[signature]