IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-591-FL

| | |
|---|---|
| BOYKIN ANCHOR COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LARRY WONG and AT&T SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

This matter is before this court on Plaintiff's motion to seal [DE-115] its *Motion for Extension of Time to Comply with Rule 26(a)(2)* [DE-114]. Plaintiff seeks to have the court place under seal Plaintiff's motion along with exhibits A through C attached to the motion. No objection to the motion has been filed to Plaintiff's motion to seal and the time for responding to the motion has expired. For the reasons below, Plaintiff's motion is allowed.

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The fact that the documents sought to be sealed are subject to a protective order by the court does not relieve the parties or the court from the obligation to comply with the Fourth Circuit's sealing regimen. *See Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 679-80 (E.D.N.C. 2003); *see Volumetrics Med. Imaging, LLC v. Toshiba America Medical Sys.*, No.1:05CV955, 2011 WL 2413404, at *5 (M.D.N.C. Jun. 10, 2011) (citations omitted). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents,

for example, those filed in connection with a summary judgment motion. *Stone,* 855 F.2d at 180

(citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Here, the

documents sought to be sealed have been filed in connection with or relate to pre-trial case

management, in particular extending the deadline to complete Rule 26(a)(2) discovery

disclosures, and not in support of any motions seeking dispositive relief, and therefore the right

of access at issue arises under the common law. *See Covington v. Semones*, No.7:06cv00614,

2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) ("In this instance, as the exhibits at issue

were filed in connection with a non-dispositive motion, it is clear there is no First Amendment

right of access.").

The presumption of access under the common law is not absolute and its scope is a matter

left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386

F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005). The presumption "'can be

rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he

party seeking to overcome the presumption bears the burden of showing some significant interest

that outweighs the presumption.'" *Id.* (quoting *Rushford*, 846 F.2d at 253). "Some of the factors

to be weighed in the common law balancing test 'include whether the records are sought for

improper purposes, such as promoting public scandals or unfairly gaining a business advantage;

whether release would enhance the public's understanding of an important historical event; and

whether the public has already had access to the information contained in the records.'" *Id.*

(quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir.1984)). Here, the documents in

question contain confidential and proprietary commercial information which is of utmost

importance to the parties but not generally available to the public. Based on this showing, the

2

court finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, Plaintiff's motion was filed on February 22, 2012. No opposition to Plaintiff's motion has been filed by any party or non-party despite a reasonable opportunity to do so. Nor has any party filed any opposition to prior motions to seal similar information in this case which were allowed by this court on October 25, 2011 [DE-81] and February 21, 2012 [DE-109].

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as described, the documents in question contain confidential business information and are not generally available to the public, the court finds that alternatives to sealing do not exist at the present time. Accordingly, the documents referenced shall be sealed in accordance with Local Civil Rule 79.2.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to seal [DE-115] is allowed. The documents subject to the motion shall remain under seal in accordance with Local Civil Rule 79.2.

So ordered, this the 29th day of March, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge

3