IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action File No. 5:10-cv-00591-FL

| | |
|---|---|
| BOYKIN ANCHOR COMPANY, INC., Plaintiff, v. LARRY WONG and AT&T SERVICES, INC., Defendants. | ORDER |

This matter is before the court on Defendants' Motion to File and Retain Under Seal Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Strike [Dkts. 217-218].

The public has been given advance notice of the parties' request to seal this document, and the Motion was docketed well in advance of this court's decision on the Motion. *See In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984). No objection has been lodged on the docket to maintaining this document under seal. Accordingly, the issue raised by the Motion is now ripe for disposition. For good cause shown, the Motion is ALLOWED.

Because the document sought to be sealed does not relate to a dispositive motion, it is subject to a common law right of access by the public. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988). This common law right of access may only be overcome by demonstrating that "countervailing interests heavily outweigh the public interest in access." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

The material sought to be sealed contains confidential and sensitive information about this dispute. The Court finds that the justification behind sealing this information heavily outweighs the public interest in access, particularly in light of the fact that the public has not already had access to the

information contained in the records and disclosure of the document would not enhance the public's understanding of an important historical event.

SO ORDERED, this 3rd day of May 2013

_____
LOUISE W. FLANAGAN
United States District Court Judge

2