IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action File No. 5:10-cv-00591-FL

| | |
|---|---|
| BOYKIN ANCHOR COMPANY, INC., | |
| Plaintiff, | |
| v. | **ORDER** |
| LARRY WONG and AT&T SERVICES, INC., | |
| Defendants. | |

This matter is before the court on Defendants' Motion to File and Retain Under Seal Defendants' Reply Memoranda in Support of their Motion to Strike ("Motion"), which seeks to file and retain under seal Defendants' Reply Memorandum in Support of Defendants' Motion to Strike (New Manning Opinions) [Dkt. 254] and their Reply Memorandum in Support of Defendants' Motion to Strike (New Arguments in Reply) [Dkt. 253]. The public has been given advance notice of the parties' request to seal these materials, and the Motion was docketed well in advance of this court's decision on the Motion. *See In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984). No objection has been lodged on the docket to maintaining these documents under seal. Accordingly, the issues raised by the Motion are now ripe for disposition. For good cause shown, the Motion is ALLOWED.

Because the documents sought to be sealed do not relate to a dispositive motion, they are subject to a common law right of access by the public. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988). This common law right of access may only be overcome by demonstrating that "countervailing interests heavily outweigh the public interest in access." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The materials sought to be sealed contain confidential and competitively sensitive information. The Court finds that the justification behind sealing this information heavily outweighs the public interest

in access, particularly in light of the fact that the public has not already had access to the information contained in the records and disclosure of the documents would not enhance the public's understanding of an important historical event.

SO ORDERED, this 3RD day of May 2013.

LOUISE W. FLANAGAN
United States District Court Judge

2