IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-591-FL

| | | |
|---|---|---|
| BOYKIN ANCHOR COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LARRY WONG and AT&T SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion for extension of time to file notice of appeal (DE 292) and plaintiff's motion to stay (DE 295). Both motions have been fully briefed, and issues raised are ripe for ruling. For the reasons stated below, the court DENIES plaintiff's motion for extension of time and DENIES AS MOOT plaintiff's motion to stay.

## BACKGROUND

Plaintiff brought this lawsuit against defendants Larry Wong and AT&T Services (collectively "defendants"). In its second amended complaint (DE 278), plaintiff asserted claims for relief against defendants for defamation and unfair and deceptive trade practices. Defendants moved for summary judgment, which the court granted by order entered September 24, 2013. Judgment was entered October 16, 2013. On November 18, 2013, plaintiff filed notice of appeal.

On December 18, 2013, defendants informed plaintiff of their intention to file a motion to dismiss plaintiff's appeal on the basis that notice of appeal was untimely filed. Plaintiff filed the instant motion for extension of time to file notice of appeal later that day. Defendants responded in opposition on December19, 2013. On December 20, 2013, plaintiff filed the instant motion to

stay, noting that the parties were scheduled for a Fourth Circuit Court of Appeals mandatory mediation on January 7, 2014, and requesting the court stay ruling until after said mediation.[1]

## COURT'S DISCUSSION

"In a civil case . . . notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). As the Supreme Court has emphasized, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 21 (2007); see also Alston v. MCI Commc'ns Corp., 84 F.3d 705, 706 (4th Cir. 1996) (noting that the time limit for filing an appeal is "mandatory and jurisdictional"). Pursuant, however, to Federal Rule of Appellate Procedure 4(a)(5)(A),

> [t]he district court may extend the time to file a notice of appeal if: (i) *a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires*; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(emphasis added). This court is therefore without authority to grant a motion for extension of time to file notice of appeal that is not made within thirty (30) days of the expiration after the deadline to file notice of appeal. See Dunn v. City of Rocky Mount, 491 F. App'x 413 (4th Cir. 2012) (holding that the district court was "without authority" to grant a motion seeking extension of the appeal period when it was filed thirty-one (31) days after the appeal period lapsed).

In this case, the court entered judgment on October 16, 2013. Plaintiff was thus required to file its notice of appeal by November 15, 2013. Plaintiff filed its untimely notice of appeal three

---

[1] In the motion to stay plaintiff also requests the court stay (1) defendants' response to plaintiff's extension motion – which defendants had already filed – until January 8, 2014; and (2) plaintiff's reply – which plaintiff filed concurrently with its motion to stay – until January 9, 2014. Thus, plaintiff's motion to stay is effectively a motion only to stay ruling on plaintiff's motion for extension of time until after the mandatory mediation. Where such mediation has already occurred – and the time for plaintiff's proposed briefing schedule has passed – plaintiff's motion to stay is denied as moot.

days later, on November 18, 2013.[2] Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(i), plaintiff had thirty days from November 15, 2013, to file a motion for extension. Because that thirtieth day – December 15, 2013 – fell on a Sunday, plaintiff had until the following day, December 16, 2013, to file such a motion. See Fed. R. App. P. 26(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Plaintiff did not file the instant motion for extension until December 18, 2013. Accordingly, the court is without authority to grant the motion, and it is denied.

## CONCLUSION

Based upon the foregoing, plaintiff's motion for extension of time to file notice of appeal (DE 292) is DENIED. Plaintiff's motion to stay (DE 295) is DENIED AS MOOT.

SO ORDERED, this the 13th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] In its memorandum in support of its motion for extension, plaintiff asserts that it filed notice of appeal thirty-three (33) days after entry of judgment based upon plaintiff's counsel's reading of Federal Rule of Appellate Procedure 26(c) and Federal Rule of Civil Procedure 6(d). Both of these rules provide that a party has an additional three days to act when an action is required "within a specified time after *service*." Fed R. App. P. 26(c) (emphasis added); Fed. R. Civ. P. 6(d) (emphasis added). Federal Rule of Appellate Procedure 4(a)(1)(A), requires action "within 30 days after *entry of the judgment or order* appealed from." (emphasis added). Accordingly, neither Federal Rule of Appellate Procedure 26(c) nor Federal Rule of Civil Procedure 6(d) operate to make plaintiff's notice of appeal timely.