IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-591-FL

| | | |
|---|---|---|
| BOYKIN ANCHOR COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON BILL OF COSTS** |
| | ) | |
| AT&T CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the undersigned on the bill of costs filed by AT&T Services, Inc. and Larry Wong ("defendants") [D.E. 284]. Boykin Anchor Company, Inc. ("plaintiff") did not respond, and the matter is ripe for determination.

## BACKGROUND

On September 24, 2013, the court granted defendants' motion for summary judgment [D.E. 287] and entered judgment in favor of defendants on October 16, 2013 [D.E. 288]. Defendants timely filed a request for costs of the clerk, service of summons and subpoenas, deposition transcripts, and copies [D.E. 284] and submitted a declaration from their attorney [D.E. 285] and invoices [D.E. 285-1 - 285-3] in support of the request. Plaintiff did not file an objection to defendants' request. On November 18, 2013, plaintiff filed a notice of appeal [D.E. 289]. On February 27, 2014, the Fourth Circuit Court of Appeals dismissed the appeal [D.E. 300], and the mandate issued on March 21, 2014 [D.E. 301].

## DISCUSSION

Defendants seek costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules,

or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (200); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D [D.E. 248], 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014) (unpublished). In sum, defendants seek $34,733.30 in total costs from plaintiff [D.E. 284].

I.   Fees of the Clerk

Defendants request the $350.00 filing fee incurred to remove the action from Wake County Superior Court to this court [D.E. 284]. See also Decl. of Michael T. Rosenberg ("Rosenberg Decl.") 7 [D.E. 285]. Section 1920(1) of Title 28 of the United States Code provides that the prevailing party may recover fees of the clerk. See 28 U.S.C. § 1920(1). Accordingly, defendants are awarded $350.00 for fees associated with the removal.

II.  Fees for Service of Subpoenas/Fees for Witnesses

Defendants seek $266.39 for service of subpoenas [D.E. 284]. The request includes $135.00 for process server fees for subpoenas for the depositions of Richard Gemra and Clayton Forbes. See Rosenberg Decl. 7 [D.E. 285]. Taxable costs include the fees of the marshal. See 28 U.S.C. § 1920(1). Although not expressly allowed by statute, this court has awarded costs associated with a private process server if the fees are not excessive. See Georgia-Pacific Consumer Products LP v. Von Drehle Corp., No. 5:05-CV-478-BO, 2013 WL 3923984, at *4 (E.D.N.C. July 29, 2013) (unpublished) (citing Arista Records LLC v. Gains, 635 F.Supp.2d 414, 418-19 (E.D.N.C. 2009). The process server fees requested by defendants are not excessive. Accordingly, fees in the amount

2

of $135.00 for service of subpoenas are allowed.

Within the request for fees for service of the deposition subpoenas, defendants added attendance and mileage fees of $76.96 for Mr. Gemra and $54.43 for Mr. Forbes [D.E. 284]. See also Rosenberg Decl. 7. Attendance, subsistence, and mileage fees for certain witnesses are permissible under 28 U.S.C. § 1920(3). "A witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b). Therefore, defendants are awarded $80.00 for the attendance fees paid to the deponents. As to the remaining $51.39 in requested costs paid to Mr. Gemra and Mr. Forbes, defendants did not itemize their mileage on the second page of the bill of costs form (AO 133), through their attorney's declaration, or in the proof of payment attached to Exhibits Q and R. See Bill of Costs 2[D.E. 284]; Rosenberg Decl. 7 [D.E. 285] and Exs. Q and R [D.E. 285-3]. Thus, the undersigned is unable to compute the appropriate travel allowance for the witnesses under 28 U.S.C. § 1821(c), and the requested costs of $51.39 are disallowed.

III. Fees for Printed or Electronically Recorded Transcripts

Defendants request $30,160.33 in costs associated with deposition transcripts [D.E. 284]. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Defendants submitted 15 court reporter invoices for transcripts necessarily obtained for use in the case. See Rosenberg Decl. 2-5 [D.E. 285] and Exs. A - M [D.E. 285-1]. In addition to permissible costs, the court reporter invoices included charges for fees that are not taxable. "The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's fee and charge for the original transcript of the deposition[.]" Local Civil Rule 54.1(c)(1)(a). Thus, $1,322.00 in the court reporters' appearance fees are allowed. See Rosenberg Decl. Exs. A-C, E, G [D.E. 285-1].

3

In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has determined that fees for copies of exhibits, read and sign, rough drafts, litigation support packages, ASCII, shipping, handling, and expedited processing are not taxable costs. See, e.g., Nwaebube v. Employment Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (unpublished) (disallowing costs of exhibit copies); Parish v. Siemens Med. Solutions USA, Inc., No. 5:08-CV-622-BR, 2011 WL 1098966, at *2 (E.D.N.C. Mar. 15, 2011) (unpublished) (disallowing costs for condensed transcripts, a word index, and a litigation support-disk); Hexion v. Specialty Chemicals, Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C. June 27, 2012) (unpublished) (denying costs for shipping and postage); Fulmore v. United Parcel Service, Inc., 7:11-CV-18-F, 2013 WL 5969715, at *1 (E.D.N.C. Nov. 8, 2013) (unpublished) (disallowing costs for expedited transcript). Defendants' court reporter invoices included $2435.70 in non-taxable costs for exhibit copies, postage and handling, expedited processing, nonwaiver fees, litigation support packages, ASCII, and rough drafts. See Rosenberg Decl. Exs. A-C, E-L [D.E. 285-1]. Accordingly, these costs are disallowed.

The court reporter invoices provided by defendants also included fees for videotaping. See Rosenberg Decl. Exs. A-D, F, M [D.E. 285-1]. Typically, the costs of videotaping and video and DVD copies are not taxable. See Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999) (concluding that absent a showing that both costs of transcribing and videotaping a deposition were necessary, and not merely convenient, only transcription costs are recoverable); Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp.2d 503, 511 (E.D.N.C. 2012). Here, defendants failed to demonstrate that both transcribing and videotaping the depositions were necessary for use in the case. Therefore, defendants' request for videotaping costs in the amount of $5,567.50 is disallowed.

4

Next, four of the court reporter invoices submitted by defendants include one combined charge for expedited processing and the original and a copy of the deposition transcript. See Rosenberg Decl. Exs. A, C, E, G [D.E. 285-1]. Another invoice combined the original and the copy of the transcript. Id. at Ex. B [D.E. 285-1]. Defendants also attached four non-itemized invoices describing the services provided as "court reporting." Id. at Exs. D, F, H, M [D.E. 285-1]. Local Civil Rule 54.1(c)(2)(b) states that multiple copies of deposition transcripts are not taxed. See Local Civil Rule 54.1(c)(2)(b); Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc., No. 5:06-CV-160-D, 2012 WL 776945, at *5 (E.D.N.C. Mar. 8, 2012) (unpublished) (disallowing costs for a copy of a deposition transcript in addition to the original). The costs for the original transcripts are not discernible. Therefore, the combined costs of $18,696.98 for the original and a copy of the deposition transcript and expedited processing are disallowed without prejudice. See Rosenberg Decl. Exs. A- H and M [D.E. 285-1]; But see Farrar & Farrar Dairy, Inc., 2012 WL 776945 at *5 ("Because the court cannot determine what portion of the [costs] is attributable to the original as opposed to the copy, the court denies the entire requested amount."). Defendants are allowed 14 days from the date of this order to resubmit revised court reporter invoices for Exhibits A-H and M that identify the costs of the original transcripts (and appearance fees of the court reporter if not awarded on page 3 in this order), excluding all non-taxable and disallowed costs. Failure to supplement will constitute a waiver of the costs.

Pursuant to 28 U.S.C. § 1920(2), the costs of the copies of the deposition transcripts of Lawrence Wong (1 and 2), Bon Pipkin, Keith Lanning, and Ian Ratner in the amount of $2,059.85 are allowed. See Rosenberg Decl. at Ex. I-L [D.E. 285-1]. As previously stated, all other costs reflected on Exhibits I-M are disallowed.

Defendants also seek costs in the amount of $78.30 for the transcript of a motions hearing that was conducted on April 10, 2012. See Rosenberg Decl. 5 [D.E. 285] and Ex. N [D.E. 285-1]. A party may recover the fees of a court reporter for a transcript when it was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendants did not indicate the purpose for ordering the transcript of the motions hearing nor its use. Without such a showing, defendants have not demonstrated that the transcript was necessarily obtained for use in the case. Therefore, costs in the amount of $78.30 for the transcript of the April 10, 2012 motions hearing are disallowed.

IV. Copy Costs

Defendants seek $3,966.58 in copy costs [D.E. 284].[1] "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har-Tzion v. Waves Surf & Sport, Inc., No. 7:08-CV-137-D, 2011 WL 3421323, at *3 (E.D.N.C. Aug. 4, 2011) (unpublished) (quoting Cherry, 186 F.3d at 449). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (unpublished) (citing Bd. Of Dirs. Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D. Va. 1991)). The cost of copies made solely for the convenience of counsel are generally not taxable under 28 U.S.C. § 1920(4). Fells v. Virginia Dept. Of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994)).

---

[1] This figure differs from the amount listed on defendant's bill of cost [D.E. 284]. Defendant's declaration, page 6, paragraph "b" [D.E. 285] lists $544.23 as the total amount for Exhibit P [D.E. 285-2], but the total listed on Exhibit P is $554.23.

On April 6, 2011, plaintiff and defendants filed their Joint Rule 26(f) Report and Plan ("Rule 26(f) Report") [D.E. 35]. In the plan, the parties outlined their agreement concerning electronically stored information and the production of files. See Rule 26(f) Report, ¶ I(g)(iii) [D.E. 35]. Defendants allege that they incurred $2,269.80 in costs to convert 56,745 pages of documents produced to plaintiff during discovery into a single-page Tagged Image File Format ("TIFF"), as agreed. See Rosenberg Decl. 5-6 [D.E. 285]. In further support of the request, defendants attached "a representative invoice" in the amount of $954.04 from their document production vendor for TIFF production for native files. Id. at Ex. O [D.E. 285-2]. Costs in the amount of $954.04 for this conversion are allowed under 28 U.S.C. § 1920(4) and in accordance with the parties' discovery plan. Defendants did not attach any other invoices from the document production vendor to support their additional alleged costs, and a representative invoice is insufficient to satisfy their burden under 28 U.S.C. § 1920(4). "[N]o litigation costs should be awarded in the absence of adequate documentation." Trimper v. City of Norfolk, 58 F.3d 68, 77 (4th Cir. 1995). Accordingly, defendant's request for the remaining $1,315.76 for TIFF production costs is disallowed.

Next, defendants request $1,222.83 in copy costs for the scanning of hard copy documents into electronic form. See Rosenberg Decl. 6 [D.E. 285]. Defendants claim that their attorneys scanned 4,524 documents internally at a cost of $0.15 per page, for a total cost of $678.60. Defendants did not produce a billing statement or adequate documentation to support this request. Thus, costs in the amount of $678.60 are disallowed. Defendants also applied for costs for "approximately" 3,000 hard copy documents that were scanned by Ricoh, USA. to respond to plaintiff's discovery, but provided an invoice summary confirming the expense. See Rosenberg Decl. at Ex. P [D.E. 285-2]. Costs in the amount of $554.23 are allowed under 28 U.S.C. § 1920(4)

7

for the scanning of hard copy documents by the vendor.

Finally, defendants seek $463.95 for 3,093 pages of documents that were provided to the court as courtesy copies. Defendants, again, failed to substantiate the request sufficiently by attaching an internal cost report, billing invoice, or other form of documentation to show that they incurred this expense. Accordingly, the $463.95 in exemplification costs for courtesy copies is disallowed.

## CONCLUSION

In summary, defendants' bill of costs [D.E. 284] is allowed in part and disallowed in part. For the reasons stated, defendants are awarded total costs in the amount of $5,455.12 under Fed. R. Civ. P. 54, Local Civil Rule 54.1, and 28 U.S.C. § 1920. These costs are taxed against plaintiff and shall be included in the judgment. Costs in the amount of $10,591.20 are disallowed. Defendants' request for certain transcript costs of $18,696.98 is disallowed without prejudice. Within 14 days of this order, defendants may resubmit their request for the cost of the original transcript of the depositions previously identified and provide adequate documentation. Failure to respond constitutes a waiver of those costs.

SO ORDERED. This 26th day of September 2014.

Julie A. Richards, Clerk of Court

8